(93 Misc. Rep. 289)

### In re PUBLIC PLAYGROUND IN CITY OF NEW YORK.

(Supreme Court, Special Term, Kings County. January, 1916.)

1. MUNICIPAL CORPORATIONS ⬤⟾497—CONDEMNATION PROCEEDINGS—ASSESSMENT—COMMISSIONERS' REPORT.

Where, on an application to confirm the reports of commissioners of estimate and of the commissioner of assessment in proceedings to acquire land for a public playground, it does not appear that the commissioners have acted arbitrarily, unlawfully, or without due regard to the evidence submitted, the court will hesitate to set aside the proceedings for inadequacy of the awards, though there may be some doubt as to the benefit to the owners of land at the extreme end of the area of assessment.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1167, 1168; Dec. Dig. ⬤⟾497.]

2. MUNICIPAL CORPORATIONS ⬤⟾497—CONDEMNATION PROCEEDINGS—REPORT—ADEQUACY OF AWARDS—EVIDENCE.

That the commissioners in such case have in some instances awarded less than the value testified to by the city's expert does not authorize setting aside the proceedings for inadequacy of the awards.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1167, 1168; Dec. Dig. ⬤⟾497.]

3. MUNICIPAL CORPORATIONS ⬤⟾425(2)—CONDEMNATION PROCEEDINGS—ASSESSMENT OF BENEFITS—RAILROAD PROPERTY—PUBLIC USE.

An objection in such case that land belonging to railroad companies should not be assessed, for the reason that it was devoted to a public use, was not well taken, where it appeared that the land was used for a car barn and storage yard, especially where the commissioner of estimate made a reduction of 25 per cent. on his original assessment by reason of the uses being made of the land.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1032; Dec. Dig. ⬤⟾425(2).]

4. MUNICIPAL CORPORATIONS ⬤⟾472—CONDEMNATION PROCEEDINGS—ASSESSMENT OF BENEFITS—SELECTION OF FLAT RATE—DISCRETION.

Where, in proceedings to acquire land for a public playground, the board of estimate and apportionment fixed an area of assessment approx-

imately one mile in radius, and the commissioner, in compliance with his duty to distribute the assessment within that area, viewed the property and fixed on the flat rate of assessment, rather than on the zone rate, believing that method would be more equitable, and it appeared that his selection of that rate was not an abuse of discretion, and that the assessments were not the result of an arbitrary or unjust determination, but were commensurate with the benefits derived by the property assessed, an objection that the assessment was inequitable and unjust could not be sustained.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1120; Dec. Dig. ☞472.]

Application to confirm reports of commissioners of estimate and of commissioner of assessment in a proceeding to acquire land for a public playground in the borough of Brooklyn, city of New York. Application granted.

Lemar Hardy, Corp. Counsel, of New York City, for city of New York.

Frank E. Johnson, Jr., of Brooklyn, for Brownsville Ass'n.

George D. Yeomans, of Brooklyn, for New York Consol. R. Co., and Nassau Electric R. Co.

Edwin C. Hamburg, of New York City, for Patrick J. McDermott and others.

Robert H. Haskell, of New York City, for Simon J. Harding.

Philip B. La Roche, Jr., of New York City, for Isidore Mosson.

ASPINALL, J.. This is an application to confirm the reports of the commissioners of estimate and the commissioner of assessment in the above entitled proceeding. The proceeding involves the acquisition of the block of land bounded by Blake avenue, Bristol street, Dumont avenue, and Hopkinson avenue, and of the three blocks of land bounded by Dumont avenue, Hopkinson avenue, Livonia avenue, and Douglas street, in the borough of Brooklyn; this property to be used for the purposes of a children's playground.

Upon the motion made before me to confirm the commissioners' reports, objections were interposed by the owners of certain damaged parcels. These objections were confined to the inadequacy of the awards made for such parcels by the commissioners of estimate. The report of the commissioner of assessment was also opposed by the New York Consolidated Railroad Company and the Nassau Electric Railroad Company, upon the ground that the properties of the said companies were not subject to assessment for the reason that the lands so assessed were acquired by the said railroad companies for railroad purposes and therefore for a public use.

The report was also opposed by Simon J. Harding, Patrick J. McDermott, and others, owners of a large number of parcels of land, upon the ground that the method of assessment for benefit based upon a flat rate was erroneous and not proportionate to the benefits conferred; that the same were arbitrary and unfair; that said assessments should have been only nominal in amount; in others words, that the assessments should have been made on the zone rate or plan rather than at the flat rate. I have not only read the record in this

proceeding but I have personally visited the playground, and have inspected the land within the radius of a mile of such playground, being the area of assessment, so that I might familiarize myself with the entire situation.

[1] The question of assessment is not entirely free from doubt, and there is possibly some reason for discontent and antagonism at the present time to such assessment by some of the property owners affected; but unless the commissioners have acted arbitrarily, unlawfully, and without reason this court should be reluctant to set aside these proceedings, although, as I have said, there may be some doubt at the present time as to the benefit to the landowners at the extreme end of the area of assessment.

The objections as to the inadequacy of the awards do not convince me that the commissioners have acted arbitrarily, unlawfully, or without a due regard to the evidence submitted upon the hearings before such commissioners, and in my opinion the objectors have completely failed to direct the court's attention to any material fact or facts that would warrant this court in setting aside said report.

[2] The mere fact that the commissioners have, in some instances, awarded less than the value testified to by the city's expert, does not and would not, under the authorities, warrant any such inference. This proposition has been decided time and time again by the courts of this state, and needs no citation of authorities to sustain the same at this time.

[3] The contention is made on behalf of the New York Consolidated Railroad Company and the Nassau Electric Railroad Company that they should not be assessed for benefit herein, for the reason that their land is devoted to railroad purposes, and therefore for a public use; but it appears from the evidence that part of this land is used as a car barn and yard, that part of the land is inclosed with a high board fence and used as a storage yard, and that on other portions of the said parcels of land there is an elevated railway structure, covered with timber, on which elevated trains are assembled and stored. Consequently I am satisfied that this objection, upon the ground that the property is used for a public purpose, is not well taken. This is not the same as a right of way, which is, I think, generally conceded to be for a public purpose.

In so far as the parcels of land belonging to these objectors is concerned, there might be a surrender of the same at any time. The objectors are not compelled to continue using them for the purposes to which they are now put, namely, for storage. They might, if they saw fit, change the place where their cars are stored, and then dispose of the property after having obtained the benefit of the public improvement. It cannot be said that the benefit parcels are for a general public use, when the public does not use the same either directly or indirectly.

It appears from the record that the commissioner of estimate, in preparing his final report as to these plots of land, realized that the uses to which the same were being put justified some consideration as

157 N.Y.S.—63

to the matter of benefit received, and in his final report made a reduction of 25 per cent. on his original assessment, which was a fair and equitable concession, and I am of opinion that the objections of the railroad companies, for the reasons above stated, are untenable and should not be allowed.

[4] As to the objections raised by Simon J. Harding, Patrick J. McDermott, and others, that the assessment was not levied according to benefit, and was therefore unfair, inequitable and unjust, and that the zone rate should have been adopted rather than the flat rate, I have this comment to make: Under the law the power was vested in the board of estimate and apportionment to fix an area of assessment, and pursuant to such power the said board fixed an area of assessment approximately one mile in radius from the playground, and the commissioner of assessment was therefore compelled to distribute the assessment within that area. The commissioner, pursuant to his sworn duty, after having viewed the property, fixed upon the flat rate of assessment rather than the zone rate or theory, believing that method would be more equitable and just.

The Betsy Head Memorial Fund, including principal and interest, amounted to the sum of $221,202.55, and this entire amount has been expended, or is available for expenditure, for making the physical improvements in connection with the playground. The amount of awards, interest, and taxable costs in this proceeding aggregates the sum of $263,610.44, and in order to raise this amount, so that payments could be made, it became necessary to levy an assessment of that amount upon the land within the area of assessment. According to the figures presented that would mean an assessment on each lot of land, 20 by 100 feet, of about the sum of $10, which certainly cannot be said to be excessive.

I am satisfied that the playground, if not now of great benefit to some of the property within the area of assessment, will, as time progresses, become of considerable benefit, not only to such property, but also to the territory adjacent thereto; and inasmuch as the commissioner of assessment was restricted in making the assessment to one of two methods, namely, the flat rate or zone rate, I am satisfied that he adopted that method, namely, the flat rate, which, in his opinion, would distribute the assessment justly and equitably, and that his decision in that respect was not an abuse of the discretion vested in him, and that such assessments were not the result of an arbitrary or unjust determination on his part, but that the same are commensurate with the benefits derived by the property assessed.

As an evidence of the fact that the commissioner did not err in adopting the flat rate rather than the zone rate, it can be easily determined or demonstrated by considering the amount which would be assessed against Simon J. Harding, one of the largest landowners within the area, under the two methods. The number of city lots assessed against him is placed at about 1,084, and the assessment against this property under the flat rate amounts to about the sum of $10,500; whereas, under the zone rate it is estimated that the assessment against this property would amount to about $30,000, making a difference of about

$19,500 under the zone rate in excess of what it would be under the flat rate.

Such an assessment would almost, if not actually, amount to a confiscation of his property. I have given this matter, on account of its importance to the city of New York and to the owners of the property affected herein, very serious consideration, and have reached the conclusion that the commissioners have not acted arbitrarily or unlawfully, and I therefore grant the motion to confirm the commissioners' reports.

Motion granted.